UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PERRY,

                Petitioner,                Case Number: 2:15-CV-14104

v.                                        HONORABLE PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

                Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION
## TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

### I.  Introduction

Petitioner Anthony Perry, a state prisoner currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions for carjacking, Mich. Comp. Laws § 750.529a, and felony firearm, Mich. Comp. Laws § 750.227b.  Respondent has filed a motion to dismiss, arguing that the petition should be denied because it is untimely.  The Court finds the petition for a writ of habeas corpus is untimely and grants Respondent's motion.  The Court also declines to issue Petitioner a certificate of appealability.

### II.  Procedural Background

Petitioner pleaded guilty to carjacking and felony firearm in Wayne County Circuit Court on November 23, 2011.  In exchange for the plea, the prosecution dismissed

another carjacking count and a count of armed robbery. On December 8, 2011, Petitioner was sentenced to 6 years, 9 months to 15 years' imprisonment for the carjacking conviction to be served consecutively to 2 years' imprisonment for the felony-firearm conviction. Petitioner did not seek review in the Michigan Court of Appeals or the Michigan Supreme Court.

On September 5, 2013, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 2/3/14 Opinion, ECF No. 11-10, Pg. ID 175-80. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Perry*, No. 322838 (Mich. Ct. App. Sept. 15, 2014). The Michigan Supreme Court also denied leave to appeal. *People v. Perry*, 498 Mich. 851 (Mich. June 30, 2015).

On November 19, 2015, Petitioner filed the pending habeas corpus petition.

### III.  Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).  The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period.  28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007).  A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner was sentenced on December 8, 2011.  Because Petitioner did not pursue a direct appeal in the state courts, the convictions became final six months later, on June 8, 2012, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(G)(3); 28 U.S.C .§ 2244(d). The one-year limitations period applicable to habeas corpus petitions thus commenced on June 9, 2012, and continued to run uninterrupted until it expired June 9, 2013. Petitioner's motion for relief from judgment in the trial court did not toll the limitations period because it was filed September 5, 2013, approximately three months after the limitations period expired.

AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner does not argue that he is entitled to equitable tolling of the limitations period, nor does the Court see a basis for equitable tolling.  Although

Petitioner does not raise the issue of mental incompetence as a justification for equitable tolling, Respondent raised the issue based upon Petitioner's claims in state court that his guilty plea was invalid because he was incompetent to enter a plea and that defense counsel was ineffective in failing to investigate Petitioner's mental health background. A petitioner's mental incompetence can constitute an extraordinary circumstance under *Holland*. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In *Ata*, the Sixth Circuit Court of Appeals set forth a two part test to evaluate whether a claim of mental incompetence warrants equitable tolling of the statute of limitations: "a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the AEDPA's statue of limitations." *Id*. at 742. The petitioner must show "a causal link between the mental condition and untimely filing." *Id.*

Petitioner has made no specific allegations that would entitle him to equitable tolling on the basis of mental incompetence which caused the failure to timely file. According to Petitioner's state court filings, he has taken medication to stabilize his mood since childhood, but, unlike the petitioner in *Ata*, Petitioner makes no claim that his mental illness prevented him from understanding and complying with the one-year limitations period. In addition, any claim of incompetence is contradicted by the trial court record. Following an evaluation by the Center for Forensic Psychiatry, Petitioner was found competent to stand trial. Petitioner offers no allegations that his mental state has deteriorated since that finding of competence to such an extent as to interfere with his ability to file a timely habeas petition. He offers no evidence as to his mental health

status during the relevant time period, from June 9, 2012 through June 9, 2013. Thus, the Court finds no facts sufficient to show that Petitioner suffered from mental incompetence that caused him not to comply with the statute of limitations. No equitable tolling is warranted.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

5

322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 10) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2016.

                                        s/Deborah Tofil
                                        Case Manager