# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY PERRY,

        Petitioner,         Case Number: 2:15-CV-14104

v.         HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO REOPEN TIME TO FILE AN APPEAL (ECF NO. 15)

Petitioner Anthony Perry, a state prisoner currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for carjacking, Mich. Comp. Laws § 750.529a, and felony firearm, Mich. Comp. Laws § 750.22b. The Court dismissed the petition on October 20, 2016. (ECF No. 12). Now before the Court is Petitioner's Motion to Reopen the Time to File an Appeal.

A notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). When an appellant fails to timely file a notice of appeal or to timely request an extension to do so because the appellant did not receive notice of the judgment, Federal Rule of Civil Procedure 4(a)(6) provides a mechanism for reopening the time to file a notice of appeal. Rule 4(a)(6) allows a district court to reopen the time to file an appeal for a period of

fourteen days, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis supplied).

Petitioner claims that he did not receive notice of the entry of the judgment dismissing his petition until "late November of 2016." Motion at 4 (ECF No. 15, Pg. ID 256). Assuming that Petitioner did not receive notice of the October 20, 2016 Opinion and Order until the last day of November 2016, he was clearly unable to file a notice of appeal within thirty days of the judgment. Even so, because Petitioner failed to comply with Rule 4(a)(6)'s time requirements, the time for filing a notice of appeal cannot be reopened. A motion to reopen must be filed within 180 days of the entry of judgment or 14 days after the appellant receives notice, *whichever is earlier*. In this case, 14 days after Petitioner received notice, December 14, 2016, is earlier. Petitioner is seeking relief after that date. A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 Fed. App'x 337, 338 (6th Cir. 2001). Because Petitioner filed his motion more than 14 days after he received notice of the dismissal of his habeas petition, this Court lacks the authority to extend the time for filing an appeal. *See Hall v. Scutt*,

482 F. App'x 990, 991 (6th Cir. 2012).

Petitioner's Motion to Reopen the Time to File an Appeal (ECF No. 15) is DENIED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2017.

s/Deborah Tofil  
Case Manager